

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

———

*970 Broad Street, 7th floor*      *973-645-2700*
*Newark, New Jersey 07102*

krp/PL AGR
2022/R01020

May 27, 2025

Claressa L. Lowe
Assistant Federal Public Defender
Office of the Federal Public Defender
District of New Jersey
1002 Broad Street
Newark, New Jersey 07102
Counsel ford Defendant
Via Email to: Claressa_Lowe@fd.org

         Re:    <u>Plea Agreement with JIMMY PATINO (a/k/a "Jaime Patino")</u>

Dear Ms. Lowe:

     This letter sets forth the plea agreement between your client, JIMMY PATINO (a/k/a Jaime Patino) ("PATINO"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on June 15, 2025, if it is not accepted in writing by that date. If PATINO does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

     Conditioned on the understandings specified below, this Office will accept a guilty plea from PATINO to a single count Information, which charges PATINO with conspiracy to commit bank fraud, contrary to 18 U.S.C. § 1344, in violation of 18 U.S.C. § 1349. If PATINO enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against PATINO for conspiring with others from in or around June 2018 through in or around April 2019 to obtain multiple home equity lines of credit for a residence located in Baldwin, New ~~Jersey~~ York, based on materially false and fraudulent pretenses, representations, and promises.

     But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not

remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against PATINO even if the applicable statute of limitations period for those charges expires after PATINO signs this agreement, and PATINO agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 1349 to which PATINO agrees to plead guilty in the Information carries a statutory maximum prison sentence of 30 years and a statutory maximum fine equal to the greatest of (1) $1,000,000, or (2) twice the gross amount of any pecuniary gain that any person derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon PATINO is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence PATINO ultimately will receive.

Further, in addition to imposing any other penalty on PATINO, the sentencing judge as part of the sentence:

(1) will order PATINO to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order PATINO to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*, 18 U.S.C. § 3663A and 3664;

(3) may order PATINO, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of his offense;

(4) must order forfeiture, pursuant to 18 U.S.C. § 982 and 21 U.S.C. § 853; and

(5) pursuant to 18 U.S.C. § 3583 may require PATINO to serve a term of supervised release of not more than five years, which will begin at the expiration of any term of imprisonment imposed. Should PATINO be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term,

PATINO may be sentenced to not more than three years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A and 18 U.S.C. § 3663(a)(3), PATINO agrees to pay full restitution to the victims of the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying those offenses in an amount that fully compensates the victims for the losses sustained as a result of those offenses as follows:

Victim Bank #1:   $293,202

Victim Bank #3:   $253,900

Forfeiture

As part of PATINO's acceptance of responsibility, and pursuant to 18 U.S.C. § 982(a)(2), PATINO agrees to forfeit to the United States all right, title, and interest in any property constituting, or derived from, proceeds PATINO obtained directly or indirectly as a result of the offense charged in Count One of the Information. PATINO further acknowledges that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is entitled to forfeit substitute assets equal to the value of the proceeds obtained by the defendant (the "Money Judgment") as a result of his participation in this bank fraud conspiracy, that is at least $30,000.00.

PATINO consents to the entry of an order requiring PATINO to pay the Money Judgment, in the manner described below (the "Order"), and that the Order will be final as PATINO prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

PATINO further agrees that upon entry of the Order, this Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

PATINO waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. PATINO understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise PATINO of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. PATINO waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. PATINO further understands that PATINO has no right to demand that any forfeiture of PATINO's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon PATINO in addition to forfeiture.

PATINO further agrees that, not later than the date PATINO enters a guilty plea, PATINO will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If PATINO fails to do so, or if this Office determines that PATINO has intentionally failed to disclose assets on the Financial Disclosure Statement, that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on PATINO by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of PATINO's activities and relevant conduct with respect to this case.

Stipulations

This Office and PATINO will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are

not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and PATINO waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

## Immigration Consequences

PATINO understands that, if PATINO is not a citizen of the United States, PATINO's guilty plea to the charged offense will likely result in PATINO being subject to immigration proceedings and removed from the United States by making PATINO deportable, excludable, or inadmissible, or ending PATINO's naturalization. PATINO understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. PATINO wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause PATINO's removal from the United States. PATINO understands that PATINO is bound by this guilty plea regardless of any immigration consequences. Accordingly, PATINO waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. PATINO also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against PATINO. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude PATINO from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between PATINO and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ALINA HABBA
UNITED STATES ATTORNEY

*/s/ Kimberly Pedersen*

By:  Kimberly Pedersen
Special Assistant U.S. Attorney

APPROVED:

*/s/ Jonathan Fayer*

Jonathan Fayer, Chief
Economic Crimes Unit

I have received this letter from my attorney, Claressa L. Lowe, Esq. I have read it and/or it has been translated for me into Spanish. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____         Date: 6/12/2025
JIMMY PATINO
(a/k/a "Jaime Patino")


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____         Date: 6/12/2025
Claressa L. Lowe, Esq.
Counsel for Defendant

Plea Agreement With JIMMY PATINO (a/k/a "Jaime Patino")

Schedule A

1. This Office and JIMMY PATINO (a/k/a Jaime Patino) ("PATINO") recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. The version of the Guidelines effective November 1, 2024 applies in this case.

3. The applicable guideline is U.S.S.G. § 2B1.1(a)(1). This guideline carries a base offense level of 7.

4. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(G) applies because the offense resulted in an actual loss to the victims of more than $250,000 but not more than $550,000, which results in an increase of 12 levels.

5. The defendant had neither an aggravating nor a mitigating role in the offense, as defined in U.S.S. § 3B1.1 and § 3B1.2.

6. The resulting offense level is **19**.

Acceptance of Responsibility

7. As of the date of this letter, PATINO has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if PATINO's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

8. As of the date of this letter, PATINO has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in PATINO's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) PATINO enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that PATINO's acceptance of responsibility has continued through the date of sentencing and PATINO therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) PATINO's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

9. If PATINO establishes at sentencing that he has no criminal history points and meets the other criteria in U.S.S.G. § 4C1.1 ("Zero Point

Offender"), he will be entitled to a further two-level reduction in his offense level, resulting in a total Guidelines offense level of **14**; otherwise, PATINO's total Guidelines offense level will be **16** (the "Total Offense Level").

10. The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that guidelines range, which the other party may oppose.

11. If the term of imprisonment does not exceed 27 months, and except as specified in the next paragraph below, PATINO will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 15 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

12. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

 (a) Any proceeding to revoke the term of supervised release.

 (b) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

 (c) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).